UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVEN PRIEST,

        Plaintiff,            CIV. S-02-0252 GEB PAN PS

  v.

COUNTY OF EL DORADO, et al.,    FINDINGS AND RECOMMENDATIONS

        Defendants.

—oOo—

Defendants County of El Dorado and Paul Sutherland, Deputy District Attorney for El Dorado County, seek an award of attorney's fees pursuant to 42 U.S.C. § 1988. Defendants were represented in this action by Franklin G. Gumpert.

Plaintiff has filed no response to defendants' motion, which the court construes as acquiescence thereto. E. D. Cal. L. R. 78-230(c), 11-110, and 83-183. An award of attorney's fees is also warranted on the merits.

Pursuant to a criminal jury trial concluding June 5, 2002,

plaintiff was convicted of violating California Business & Professions Code § 9884.6, requiring valid registration of automotive repair dealers.  Plaintiff began this action January 31, 2002, pro se, alleging violation of his federal civil rights under 42 U.S.C. § 1983 based on claims defendants acted with "terrorism under color of law" to violate his Fourth Amendment rights and pursue his criminal prosecution.

Summary judgment was granted in favor of defendants Sutherland and El Dorado County on March 1, 2004.  Final judgment was entered in favor of all defendants on July 23, 2004.

42 U.S.C. § 1988(b) provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

An award of attorneys' fees under 42 U.S.C. § 1988 applies differently to a prevailing plaintiff than to a prevailing defendant. Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994).  While prevailing plaintiffs should ordinarily recover attorneys' fees unless such an award would be unjust, a district court should award attorney's fees to a prevailing civil rights defendant only if the plaintiff's action was unreasonable, frivolous, without merit, or vexatious. Id.; see also Christianburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978) (Title VII case); Hughes v. Rowe, 449 U.S. 5, 14-16 (1980)(applying Christianburg to a 42 U.S.C. § 1988

case).  This standard adheres to Congress' policy of promoting vigorous prosecution of civil rights violations under section 1983.  <u>Miller v. Los Angeles County Bd. of Supervisors</u>, 827 F.2d 617, 619 (9th Cir. 1987).  Thus, a district court may award fees to a prevailing civil rights defendant only if the action is meritless in the sense that it is groundless or without foundation or the plaintiff continued to litigate after it clearly became groundless."  <u>Hughes v. Rowe</u>, 449 U.S. at 14; <u>Christiansburg</u>, 434 U.S. at 422.

These requirements are strictly construed in cases where the plaintiff has proceeded without counsel.  <u>Miller</u>, 827 F.2d at 620 (citing <u>Hughes</u>, 449 U.S. at 15-16).  In such cases, district courts must consider two additional factors in determining whether to assess attorney's fees:  (1) the plaintiff's ability to recognize the lack of merit in his claims (2) and the plaintiff's financial resources.  <u>Id</u>., at 620-621.  While an award of attorney's fees for a frivolous lawsuit may be necessary to fulfill the deterrent purposes of 42 U.S.C. § 1988, any award should not subject the plaintiff to financial ruin.  <u>Id</u>. at 621, n. 5.

Plaintiff's claims against these defendants were meritless, unreasonable and vexatious.  Although he proceeded without counsel, the unambiguous registration requirement of Calif. Bus. & Prof. Code § 9884.6 rendered plaintiff's challenge patently unreasonable.  Legal representation was not required to inform plaintiff his challenge was without merit.  <u>Miller</u>, 827 F.2d at

3

620. Plaintiff's additional allegations his civil rights were violated and he was subject to a county-sponsored conspiracy to terrorize law-abiding citizens was plainly vexatious. No good whatever was served by requiring a defense to these claims. Thus, I find the deterrent purposes of section 1988 will be served by awarding fees in this case.

Defendants seek $17,610.20, representing $16,692.50 for 109.4 hours work at the hourly rate of $150.00-$175.00, and $917.70 in costs, representing the fee of the court reporter to record and transcribe plaintiff's deposition testimony. The hourly rates are reasonable and review of counsel's contemporaneous time records shows the tasks for which they billed were reasonable. Applying the lodestar method of calculation endorsed in § 1988 requests (see, e.g., Miller, 827 F.2d at 621, Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (multiplying the number of hours reasonably expended by a reasonable hourly rate)), I find the fee request objectively reasonable.

Plaintiff has had the opportunity to demonstrate limited financial resources make the award sought unreasonable and said nothing. The court construes plaintiff's silence about the matter as an admission that such grounds for resisting defendants' motion do not exist.

Accordingly, I recommend defendants' motion for attorney's fees be granted and that judgment be entered in their favor for $17,610.20 attorney fees and costs.

1    These findings and recommendations are submitted to the
2 Honorable Garland E. Burrell, Jr., the United States District
3 Judge assigned to this case.  28 U.S.C. § 636(b)(1).  Written
4 objections may be filed within ten days after being served with
5 these findings and recommendations.  The document should be
6 captioned "Objections to Magistrate Judge's Findings and
7 Recommendations."  The failure to file objections within the
8 specified time may waive the right to appeal the District Court's
9 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10    Dated:  May 18, 2005.

                      <u>/s/ Peter A. Nowinski</u>
                      PETER A. NOWINSKI
                      Magistrate Judge